UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                15-cr-410 (LAK)

STEPHEN ADAMS,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        On March 30, 2016, defendant pled guilty to two counts of Hobbs Act robbery and one count of discharging a firearm in the course of a robbery, causing the death of another. Specifically, defendant and his co-conspirators robbed two stores in Manhattan on June 16 and 18, 2015, and during the latter robbery defendant shot and killed a store clerk. On November 14, 2016, the Court entered a judgment of conviction and sentenced defendant to concurrent terms of imprisonment of 240 months on each of the Hobbs Act robbery counts and a term of 120 months on the firearms count to run consecutively with the two concurrent terms. The total term of imprisonment was 360 months, of which defendant, who has been detained since June 2015, has served roughly 60 months.[1]

        Defendant now moves for compassionate release. The basis for his motion is that the COVID-19 pandemic poses general health risks to detainees in Bureau of Prisons facilities, and specifically defendant's facility. Defendant asserts that detainees are unable to take care of

---

[1] *See generally* Dkts. 12, 79 at 11-12, 124.

2

themselves adequately, that prison guards and administrators leave and return on a daily basis and could expose detainees to the virus, that his facility lacks an adequate testing system, and that the administrators of his facility are housing infected individuals in the same cell blocks as healthy individuals.

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the Court may modify a term of imprisonment upon a defendant's motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'"[2] Defendant asserts that he has complied with this requirement by submitting a request for compassionate release to the warden of his facility, which the warden denied. Although defendant has not presented evidence supporting this assertion, the Court assumes for present purposes that he has satisfied the exhaustion requirement.

A court may grant compassionate release where (1) there are "extraordinary and compelling reasons" warranting a sentence reduction, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a).[3] The policy statement, set forth in the Sentencing Guidelines at Section 1B1.13 and the Section 1B1.13 Application Notes, provides that extraordinary and compelling reasons exist when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within

---

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] 18 U.S.C. § 3582(c)(1)(A)(i).

the environment of a correctional facility and from which he or she is not expected to recover."[4]  As this Court has stated previously, "the question whether it is bound by the Sentencing Commission's ('USSC') compassionate release policy statement is a much debated question and thus so too are the grounds on which the court may grant relief in a case like this."[5]  But the Court need not resolve this debate, as defendant's application fails regardless of whether the USSC's policy statement is controlling.

Defendant does not assert that he suffers from any medical condition that places him at a heightened risk of suffering adverse consequences were he to contract COVID-19.  Nor, at 32 years old, is defendant in a high risk group by virtue of his age.  Put simply, nothing in defendant's motion attempts to distinguish him from the prison population in general, or at least the population at his facility.  He has failed to satisfy the threshold requirement of demonstrating "extraordinary and compelling" reasons for early release.

Even if defendant had met this burden, the factors set out in 18 U.S.C. § 3553(a) would not support his early release.  "Those factors include: (1) 'the nature and circumstances of the offense and the history and characteristics of the defendant,' (2) 'the need for the sentence imposed' to, among other objectives, 'provide just punishment for the offense,' and (3) the Sentencing Guidelines range."[6]

---

[4] U.S.S.G. § 1B1.13, cmt.1(A)(ii).

[5] *United States v. Canales*, No. 16-cr-212 (LAK), 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (citations omitted); *United States v. Merlo*, No. 17-cr-0738 (LAK), 2020 WL 3001039, at *2 (S.D.N.Y. June 4, 2020).

[6] *Merlo*, No. 17-cr-0738 (LAK), 2020 WL 3001039, at *3 (quoting 18 U.S.C § 3553(a)).

4

Defendant was convicted of heinous crimes, including murder and a series of robberies, which he committed only five years ago. While the 60 months of incarceration that defendant has served is a significant amount of time, it is only one sixth of defendant's sentence. The reasons the Court provided at sentencing for the 360 month term of imprisonment – notably, the seriousness of defendant's crimes, the need for deterring murder and robbery, and the need for protecting the public from defendant – remain compelling.[7] Defendant has provided no evidence relevant under Section 3553(a) that was not before the Court in 2016 except for the fact that the COVID-19 pandemic has created challenging circumstances for detainees generally. The Court is sympathetic to defendant's concerns – as it is sympathetic to the concerns of all incarcerated persons who are at risk of contracting COVID-19.[8] But under these circumstances, defendant's fear is not enough to shift the balance of the sentencing factors.

Defendant has not established the existence of compelling and extraordinary reasons justifying his early release. Even if he had, the Section 3553(a) factors counsel against ordering his release. The motion for compassionate release [Dkt. 152] is denied.

SO ORDERED.

Dated:   June 9, 2020

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge

---

[7] *See* Dkt. 109 at 25-29.

[8] The Court is aware that the Bureau of Prisons has made some efforts to minimize the risk to detainees of being exposed to COVID-19. It need not pass on the adequacy of these efforts for present purposes.