```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                              15-cr-410 (LAK)

STEPHEN ADAMS,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        In his letter dated April 29, 2025, Defendant Stephen Adams requests appointment of counsel pursuant to 28 U.S.C. § 1915.[1]

### *Background*

        As this Court summarized previously:

> "[Adams] originally was charged on June 26, 2015 with Hobbs Act robbery and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and with carrying, brandishing, and discharging a firearm in furtherance of Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)-(iii). These charges related to a June 16, 2015 robbery of a store in Manhattan. [Adams] subsequently was charged in a superseding indictment on July 9, 2015, which incorporated the charges in the original indictment and added new charges related to the June 18, 2015 robbery of a second store in Manhattan during which a store clerk was shot and killed by [Adams]. The superseding indictment charged movant with five counts: one count of conspiracy to commit Hobbs Act robbery, two counts of Hobbs Act robbery (in respect of each of the June 16 and June 18 robberies), one count of carrying, brandishing, and discharging a firearm in furtherance the June 16

---

[1]    Dkt 172.

2

robbery, and one count of discharging a firearm in furtherance of the June 18 robbery, which discharge caused the death of another, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1) . . .

[Adams] subsequently pled guilty to three of the five counts in the superseding indictment, namely, the two counts of Hobbs Act robbery and the count of discharging a firearm in relation to the June 18 robbery, which discharge caused the death of another. Pursuant to his plea agreement, [Adams] stipulated to a sentencing guidelines range of 292 to 365 months' imprisonment, with a mandatory minimum term of 120 months' imprisonment, and agreed that he would not file a direct appeal or bring a collateral challenge to any sentence within or below that stipulated guidelines range . . . On November 14, 2016, [Adams] was sentenced to concurrent terms of imprisonment of 240 months on each of the two Hobbs Act robbery counts and to a term of 120 months on the firearm count, to run consecutively to the two concurrent terms of 240 months, for an aggregate sentence of 360 months' imprisonment. This Court entered judgment on November 14, 2016. [Adams] did not appeal."[2]

In February 2018, Adams moved for relief pursuant to 28 U.S.C. § 2255 on the ground that his counsel rendered ineffective assistance by (1) failing to appeal this Court's denial of his motion to dismiss the firearm counts in the superseding indictment and (2) failing at sentencing to challenge the applicability of U.S.S.G. § 2A1.1 to his sentencing guidelines range.[3] The Court found that Adams' motion was untimely because it was filed over a year after the judgment against him became final.[4] Although this alone was sufficient to dispose of the motion, the Court held also that Adams' claim of ineffective counsel failed because (1) Adams had not shown that his attorney's failure to appeal was prejudicial to his defense and (2) the application of U.S.S.G. § 2A1.1 was not

---

[2]

*Adams v. United States*, No. 18-cv-1188 (LAK), 2018 WL 2947970, at *1 (S.D.N.Y. June 1, 2018) (internal citations omitted).

[3]

*Id.* at *2.

[4]

*Id.* at *3.

3

error.[5]

Adams requests appointment of counsel pursuant to 28 U.S.C. § 1915 and states that he "believes he has a *Lora v. United States of America* Supreme Court case issue."[6]  The Court therefore construes Adams' request as one for appointment of counsel to assist him with a habeas petition based on the Supreme Court's holding in *Lora v. United States*.[7]

### *Discussion*

The Second Circuit has cautioned that courts should not grant applications for counsel indiscriminately because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."[8]  In deciding whether to appoint counsel, courts first must determine whether the indigent litigant's claim "seems likely to be of substance."[9]  The same considerations apply also to applications for the appointment of counsel who, if appointed, would be compensated under the Criminal Justice Act.  Accordingly, the Court assesses the threshold question of whether there is merit to Adams' suggestion that the holding in *Lora v. United States* presents a basis to challenge his sentence.

In *Lora v. United States*, the Supreme Court held that Section 924(c)'s bar on

---

[5]     *Id.* at *5.

[6]     Dkt 172.

[7]     599 U.S. 453, 455 (2023).

[8]     *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

[9]     *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

4

concurrent sentences does not extend to Section 924(j).[10]  "A sentence for a § 924(j) conviction therefore can run either concurrently with or consecutively to another sentence."[11]

Adams pled guilty to two Hobbs Act robbery counts and one count under 18 U.S.C. § 924(j) for the murder of the store clerk.  It is clear from the sentencing materials that Probation and the Government believed that a sentence for the § 924(j) offense must be imposed consecutively to any sentence on the other two counts to which Adams pled guilty.  The guidelines recommendation was calculated according to this assumption.  The holding of *Lora* makes clear that, contrary to the belief of the parties at the time, a consecutive sentence was not required.  Nevertheless, several factors would be fatal to any potential claim rooted in *Lora*'s holding.  Even assuming Adams' claim had not been waived,[12] his claim is unlikely to be of substance.

A challenge to Adams' sentence would be considered a successive habeas corpus petition because his first habeas petition was adjudicated on the merits.[13]  "A successive § 2255 motion is authorized only if it is based on 'newly discovered evidence,' or on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

---

[10]    *See* 599 U.S. 453, 455 (2023).

[11]    *Id.*

[12]    As discussed in the ruling on his first habeas petition, pursuant to his plea agreement, Adams agreed not to challenge any sentence within or below the stipulated guidelines range of 292 to 365 months' imprisonment, and his sentence of 360 months imprisonment falls within that range. *See Adams v. United States*, No. 18-cv-1188 (LAK), 2018 WL 2947970, at *2 (S.D.N.Y. June 1, 2018).

[13]    Dismissal of a habeas corpus petition as untimely constitutes an adjudication on the merits and renders a subsequent petition successive. *See Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir.2003).

previously unavailable.'"[14]    Adams' letter indicates that his petition would be premised on the holding of *Lora*.   But *Lora* did not establish a new rule of *constitutional law* – it addressed a question of statutory interpretation.[15]   Thus, a second or successive 2255 motion would founder on this reef.   In any case, the rule of *Lora* has not been made retroactive to cases on collateral review by the Supreme Court.   That "requirement is satisfied only if [the Supreme Court] ha[d] held that the new rule is retroactively applicable to cases on collateral review,"[16] which it has not done.   Moreover, even if *Lora* had announced a new rule of constitutional law made retroactive to cases on collateral review, Adams' prospective motion would be untimely because it could not be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[17]   *Lora* was decided on June 16, 2023.   More than one year has already elapsed, making a claim on this  basis untimely.

---

[14]

    *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(h)).

[15]

    *See Jones v. Hendrix*, 599 U.S. 465, 469–70 (2023) ("A federal prisoner may not . . . file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved.").

[16]

    *See Tyler v. Cain*, 533 U.S. 656, 662 (2001).

[17]

    § 2255(f)(3).

6

Accordingly, Adams' claim is unlikely to be of substance. His request for appointment of counsel pursuant to 28 U.S.C. § 1915 is denied.

SO ORDERED.

Dated:        June 9, 2025

/s/  Lewis A. Kaplan

_____

Lewis A. Kaplan
United States District Judge