UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        -against-

STEPHEN ADAMS,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

15-cr-0410 (LAK)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/2026
```

## MEMORANDUM AND ORDER DENYING
## MOTION FOR COMPASSIONATE RELEASE

LEWIS A. KAPLAN, *District Judge*.

        Stephen Adams was convicted, among other crimes, of discharging a firearm during an armed robbery and thus killing a victim. On separate occasions in the last eight years, he has moved this Court for (1) habeas relief, (2) compassionate release, (3) reconsideration of the Court's decision on his motion for compassionate release, and (4) appointment of counsel to pursue a successive habeas petition. The Court has denied all of Adams's motions. Adams *pro se* now moves again for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

### *Background*

        The Court briefly describes why it denied Adams's previous motions because those reasons remain applicable to Adams and the arguments he advances here.

2

With respect to his original habeas petition, the Court held that it was untimely and in any event lacked merit.[1]  Adams was convicted under 18 U.S.C. § 1951 of two counts of Hobbs Act robbery and under 18 U.S.C. § 924(j)(1) of one count of discharging a firearm causing death during and in relation to a crime of violence − i.e., one of the Hobbs Act robberies.  The Court held that Adams's habeas petition thus lacked merit because, contrary to his arguments, Hobbs Act robbery is a crime of violence and Sentencing Guidelines Section 2A1.1 (first-degree murder) applies when death results from committing certain felonies, including robbery.  The Court subsequently denied Adams's motion for appointment of counsel to pursue a successive habeas petition.[2]  The Court held that a successive habeas petition would be untimely and also lack merit because the Supreme Court's holding in *Lora v. United States*[3] neither established a new rule of constitutional law nor was made retroactive to cases on collateral review.

As for his motion for compassionate release, the Court held that Adams failed to establish the existence of compelling and extraordinary circumstances since he presented no evidence that he, for example, suffered from a serious medical condition or advanced age.[4]  The Court held also that the seriousness of his crimes, the need for deterrence, and the need to protect

---

[1] Mem. & Order (Dkt 124).

[2] Mem. & Order (Dkt 173).

[3] 599 U.S. 453 (2023).

[4] Mem. & Order (Dkt 153).

3

the public continued to justify his incarceration.  The Court denied his motion to reconsider that ruling for the same reasons.[5]

### *Discussion*

Adams here argues that he is entitled to compassionate release for several reasons, many of which the Court already has rejected in his previous motions.  He suggests these reasons nonetheless are appropriate for consideration here in light of the Supreme Court's pending decision in *Fernandez v. United States*.[6]  The Court for present purposes takes no view on that argument because none of Adams's arguments has any merit.

First, Adams claims that he was unable to file his initial habeas petition in a timely manner.  He presents no evidence for why this purportedly was the case, but the Court need not address it because his arguments fail on the merits in any case.

Second, Adams argues that his Section 924(j)(1) conviction should be dismissed because conspiracy to commit Hobbs Act robbery is not a crime of violence under Section 924(c).

---

[5] Order (Dkt 158).

[6] No. 24-556 (U.S. argued Nov. 12, 2025).

4

But he was convicted of *substantive* Hobbs Act robbery, not mere conspiracy.[7]  Substantive Hobbs Act robbery remains a crime of violence under Section 924(c).[8]

Third, Adams argues that his sentences should have been ordered to run concurrently. But no precedent requires that.  He did not suffer two convictions under Sections 924(c)(1)(A)(i) and (j).[9]  He was convicted under Section 924(j)(1), which incorporates Section 924(c), and received – as is required under Section 924(c)(1)(A)(iii) – a sentence of imprisonment of not less than ten years.  "A sentence for a [Section] 924(j) conviction . . . can run either concurrently with or consecutively to another sentence."[10]  Even if that were not the case, his argument would be untimely and would fail on the merits for the same reasons the Court stated when it rejected his request for appointment of counsel to pursue a successive habeas petition.

Fourth, Adams argues that Sentencing Guidelines Section 2A1.1 should not have applied to him.  That argument is wrong for the same reasons the Court stated when it rejected his initial habeas petition.

---

[7]

Adams's confusion may stem from the Judgment (Dkt 107), which inadvertently and erroneously lists "Conspiracy to Commit Hobbs Act Robbery" as two of the three offenses of which he was convicted. *Id.* at 1.  That was a scrivener's error.  Adams was indicted in Counts Two and Three for substantive Hobbs Act robberies. S1 Indictment (Dkt 12) at 2. He pleaded guilty to two counts of substantive Hobbs Act robberies.  Mar. 30, 2016 Plea Tr. (Dkt 79) at 2:7-4:23.  The Presentence Report, which the Court adopted, described the charges to which he pleaded as substantive Hobbs Act robberies.  PSR (Dkt 97) at 5.  So too did his sentencing submission, Nov. 1, 2016 Def.'s Letter (Dkt 102) at 4, and the government's sentencing submission, Nov. 10, 2016 Gov't's Letter (Dkt 105) at 2.  The Court will amend the judgment to correct this scrivener's error.  Fed. R. Crim. P. 36.

[8]

*United States v. Barrett*, 102 F.4th 60, 81-82 (2d Cir. 2024), *rev'd on other grounds*, *Barrett v. United States*, 146 S. Ct. 482 (2026).

[9]

*See generally Barrett*, 146 S. Ct. 482.

[10]

*Lora*, 599 U.S. at 455.

Fifth, and finally, Adams argues that his sentence should be reduced because he was a first-time and youthful offender. These are not sufficiently compelling and extraordinary circumstances to justify compassionate release for the same reasons the Court stated when it rejected his initial motion for compassionate release.

### Conclusion

For the foregoing reasons, Adams's motion for compassionate release (Dkt 174) is denied. The Clerk shall mail a copy of this memorandum and order to Adams.

SO ORDERED.

Dated:        April 1, 2026

_____

Lewis A. Kaplan
United States District Judge