Copies mailed ~~4/22/26~~
Chambers of Judge Kaplan
~~JMS~~

## MEMO ENDORSED

RECEIVED
APR 2 1 2026
JUDGE KAPLAN'S CHAMBERS

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,          :
                                   :
        VS.                        :          *4/0*
                                   :    15-CR-~~0401~~(LAK)
STEPHEN ADAMS,                     :
                                   :
                                   :
                                   :
        Petitioner.                :
                                   :

## MOTION TO ALTER AN AMEND UNDER 59(e)
### DOC. 175, IN LIGHT OF Fernandez v. United States
### Barrett v. United States ALSO Lora v. US

AND NOW, Petitioner Stephen Adams, Pro-Se who avers the following relief at this time to oppose this court Doc. 175 at 3-5.

Petitioner contentions are clear if he was this pending Supreme Court ruling which the court has believe does not have any feet to stand on. Is completely misplace as this very pending ruling speaks on "Whether Extraordinary and Compelling Reasons and Whether Discretionary Sentence Reduction Same As § 2255 As § 3582(c)(1)(A) To Meet Reduction of Sentence. In this Petitioner was correct to apply Fernandez v. United States, as the facts was supported why Mr. Adams came forth in his Doc. 174 filing. When he pointed to Lora v. United States in Doc. 174 at 2 pointing to US v. Barrett, 102 F.4th 60; 2024 U.S. App. Lexis 11782 No. 21-1379(2nd Cir. May 15, 2024). This ruling spoke on Lora v. United States,599 U.S. at 455(2023) decision. Upon this it was correct to move to this challenge of why this court misplace his decision in Doc.175 at 3-5. Then the record in Doc. 175 foot note 7-10, that reference Mr. Adams claims would be untimely and this is also misplace when Fernandez v. US speak on the facts if sentence today with § 2255 applicable today of the filing. Upon this Lora v. United States in any which way would give him a reduction of senteence to run his count five 18:924(J) charge concurrent.

1

Further, it would be clear with this argument Petitioner would receive time reduction. In that 10 years would be ran concurrent with count 2-3 that would result in 20 years sentence. Now Petitioner would also turn to his petition in Doc. 174 at 2-3, to carry the day on his other contentions that should have been address properly without any timeliness challenge to stop him. In that it would be clear Mr. Adams is subject to relief today and should be warranted to reduction of sentence. As Petitioner wait on Fernandez v. United States to come down from the Supreme Court.

Date: 4-15-26                                    Respectfully Submitted,


                                    _____
                                    Stephen Adams#92405-054
                                    FCI Hazelton Medium
                                    P.O. Box. 5000
                                    Bruceton Mills, W.V. 26525


CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading under §1746 to be true and correct to be sent out First Class Mail:

Via Mail

Jared Lenow
Assistant United States Attorney
One St. Andrews Plaza
New York New York 10007


Date: 4-15-26                          x _____

2



Memorandum Endorsement                          United States v. Adams, 15-cr-0410 (LAK)

Defendant's motion, dated April 15, 2026, "to alter an amend under 59(e) DOC. 175, IN LIGHT OF Fernandez v. United States Barrett v. United States ALSO Lora v. US" [*sic*] is **DENIED** in all respects.

To be abundantly clear, the Court has denied defendant's applications for compassionate release and reduction in sentence on the independently sufficient alternative ground that the Section 3553 factors, in this Court's judgment, strongly counsel against any such relief. As the presentence report makes quite clear, Adams in substance was convicted of personally committing a cold-blooded murder in the course of an armed robbery. Indeed, before Adams and a co-conspirator entered the small store that was the scene of the robbery, Adams asked his co-conspirator to give Adams what became the murder weapon. Adams and the co-conspirator then entered the store and began the robbery. Adams brandished the firearm at the storekeeper and then shot that innocent victim to death before he and his colleague left with the $279 they took from the store as the dead victim lay where he had fallen.

Adams richly deserved the 360-month term of imprisonment imposed on him. No legitimate interest would justify his release.

The Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3).

SO ORDERED.

Dated:        April 22, 2026

Lewis A. Kaplan
United States District Judge